# Sarah Connor and Parthena Connor v. Louis Palmquist.

1. SUIT IN BAR—*Filing a Claim in the Probate Court is Not.*—An undertaker furnished a coffin, shroud, etc., and took charge of the funeral of a deceased person. He afterward filed his claim in the Probate Court, but finding the estate insolvent brought a suit against the widow and a daughter who ordered the same. *Held*, that his filing his claim for allowance in the Probate Court did not bar the suit.

Assumpsit, for goods furnished, services, etc. Appeal from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

J. A. McKENZIE, attorney for appellants.

E. A. CORBIN and PRINCE & WELCH, attorneys for appellee.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is a suit by appellee to recover for the price of a coffin, shroud and underclothing, furnished by him, for the father of one, and husband of the other appellant, and for a hearse, carriage for pall-bearers and his own services, as undertaker, for the funeral. Appellee recovered judgment before the justice of the peace and also in the Circuit Court on appeal for $63.25, the amount of his bill.

It is insisted that the evidence does not support the verdict, and especially that the daughter did not become responsible, and that some of the things furnished were not ordered. Defendants went to the place of business of plaintiff, and the daughter selected a coffin and shroud for her father, to which the mother assented. The evidence also justified the jury in finding that they requested plaintiff to furnish the underclothing, and gave him the time and details of the funeral, and stated what persons they wanted for pall bearers. It seems clear that they placed him in charge of the funeral, in the capacity of undertaker, and that he was

thereby authorized to incur the ordinary and reasonable expenses incident to such occasions. That he did not exceed such authority is unquestionable.

We also think that plaintiff was authorized to look to defendants for payment. They did not profess to be acting for the estate of the deceased, or in any way negative the presumption that they intended to bind themselves. The defendants being the widow and daughter of the deceased, plaintiff might fairly presume, unless otherwise advised, that they intended to supply the necessaries for the burial.

When defendants refused to pay the bill, plaintiff filed his claim against the estate, but finding the estate insolvent, withdrew it. This did not bar the suit.

There was no error in modifying or refusing instructions. The judgment is affirmed.